STAATS S. MORRIS v. WINFIELD S. CARTER.

The limitation in the act of March 23d, 1881, (*Pamph. L., p.* 184,) that suits on bonds should be commenced within six months from the date of the sale of mortgaged premises, is so connected with the other parts of the act as to be inseparable, and, as to antecedent obligations, is unconstitutional.

Action of debt on a bond given by defendant to A. G. Plume and J. Lockwood, dated November 23d, 1872, with condition to pay $3500 in one year from date; assigned to plaintiff March 1st, 1873. On February 14th, 1882, plaintiff filed a bill to foreclose the mortgage, and the mortgaged lands were sold under decree of foreclosure *September* 12th, 1882, for $1000. This action on the bond secured by the mortgage was begun *August* 23d, 1883. The declaration is in the usual form, and defendant pleads (1) *non est factum*, (2) that the plaintiff did not, at any time within six months next after the date of the sale of the mortgaged premises, commence his suit on said writing obligatory for the deficiency so remaining after the sale of the mortgaged premises, &c.

To the second plea the plaintiff files a demurrer and assigns causes.

For the plaintiff, *Carman F. Randolph.*

I. The act of 1881, (*Pamph. L., p.* 184,) upon which the plea demurred to is founded, has been declared void as applied to antecedent obligations. *Baldwin* v. *Flagg,* 14 *Vroom* 504; *Coddington* v. *Bispham,* 9 *Stew. Eq* 574.

The clause "and that all suits on said bond shall be commenced within six months from the date of the sale of said mortgaged premises," was not directly passed upon, but it is submitted that the decisions really covered it. Unless the clause be separable, *within the legislative intent,* from the void parts of the act, it must fall with them. *Cooley Const. Lim.* 178; *Sedgw. Stat. Const.* 413.

And the presumption is against its separability. *Cooley Const. Lim.* (*3d ed.*) 179, *note.*

The intention must be gleaned from the whole act. It remains to determine the legislative intent regarding antecedent obligations, as evidenced by the general scope of the law. The gist of the second section consists in the introduction of a new element in the law of mortgage bonds, viz., that right of action shall accrue at the sale of premises under foreclosure, *and not before.* By the statute of limitations sixteen years are allowed in which to bring suit after right of action has accrued. *Rev., p.* 594.

The evident intention of the legislature, to relieve the mortgagor, would have been defeated had the bondholder been allowed sixteen years *after sale* in which to bring suit. The period was therefore shortened to six months. But it is held that the provision which makes right of action accrue on sale of premises is void. *Baldwin* v. *Flagg, supra.*

Hence the right of action still accrues on breach of condition, and not on sale, as contemplated by the legislature. So that the act, instead of substituting one liability for another, really imposes a new one, for under it a bondholder may sue *whenever sale takes place,* though it be after sixteen years from breach of the condition in the bond. The limitation clause is also closely connected with the third section, for without it the vendible value of lands sold under foreclosure would have been totally destroyed, since no purchaser could have been found for property subject for sixteen years to a possible redemption. Therefore the clause was inserted to reduce this evil to a minimum. But the third section has been declared void. *Coddington* v. *Bispham, supra.* So the reason for the limitation fails.

The limitation clause was enacted upon the natural assumption that the rest of the act was valid, and its insertion was necessary to save the operation of the law from absurd and inequitable consequences. Now if the various parts of a statute are so connected that it cannot be presumed that the legislature intended any one part to stand as an independent

enactment, and some parts are void, then the whole statute is void. See *Warren* v. *Mayor of Charlestown*, 2 *Gray* 99 ; *State, Van Cleef, pros.*, v. *Commissioners*, 9 *Vroom* 322.

The rule laid down in Warren *v.* Mayor, &c., if applied to the act under consideration would wholly avoid it, for there is nothing to show that the legislature intended to pass a bare statute of limitations, and one which would reduce the highest security known to the law, a sealed instrument, below the level of a verbal promise, by presuming its payment six months after a right of action accrued. Further, the clause contains an unconstitutional intent; the word "within" is plainly a word of restriction and implies "and not before."

II. But if the limitation clause be separable from the rest of the act, is it constitutional *per se ?* "The legislature shall not pass    *    *    *    any law

(A) "impairing the obligation of contracts, or

(B) "*depriving a party of any remedy for enforcing a contract which existed when the contract was made.*"

Clause B is unique among the constitutional restraints upon the legislative power which obtain in the several states. It follows, then, that the laws of New Jersey are subjected to a severer test than those of other states, and also *that outside* decisions cannot be relied on as authorities for the direct interpretation of this provision. In the interpretation of this peculiar clause, the first question to be settled is, To what does "remedy" refer? "Remedy" may mean—

(1) The *right* to performance or compensation on breach of contract, or

(2) The *method* of enforcing such right. See *Pomeroy's note to Sedgw. Stat. Const.* 610.

Now, "remedy" used in its first sense is within the purview of clause A. *Bronson* v. *Kinzie*, 1 *How.* 316 ; *Walker* v. *Whitehead*, 16 *Wall.* 318 ; *Tennessee* v. *Sneed*, 96 *U. S.* 74.

The decisions in New Jersey will be found to accord with those of the United States Supreme Court. *Potts* v. *Arms Co.*, 2 *C. E. Green* 400 ; *Rader* v. *Road Dist.*, 7 *Vroom* 273 ;

*Baldwin* v. *Newark,* 9 *Vroom* 158; *Savings Inst.* v. *Forman,* 6 *Stew. Eq.* 436. See *Antoni* v. *Greenhow,* 107 *U. S.* 774.

The result is that all the New Jersey cases upon the constitutionality of laws affecting prior remedies have been decided under clause A. We may thus conclude to what class of cases "remedy" does *not* refer. What, then, is the construction of clause B? If its meaning were contained in clause A it would be surplusage. But if a clause in a constitution be susceptible of two interpretations, and one of them is embodied in the clause immediately preceding, the other must stand as the true one. Tautology cannot be presumed in a constitution. Now, if "remedy" be understood in its second sense, clause B will be given its due weight and effect. The provision would then secure to the creditor the rights and privileges relating to the enforcement of his claim, which obtained when the contract was made. It would secure *all* rights and privileges, for the general words employed denote a general intent. See *Sturges* v. *Crowninshield,* 4 *Wheat.* 205.

Statutes of limitation certainly affect the remedy, taken in its second sense. *Ogden* v. *Saunders,* 12 *Wheat.* 349.

And it is submitted that the limitation under consideration really affects the contract by destroying not only the remedy, but the debt itself. See *Ludlow* v. *Van Camp,* 2 *Halst.* 118; *Harris* v. *Quine, L. R.,* 4 *Q. B.* 657.

In this case the right of action on the bond held by the plaintiff accrued before the passage of the act of 1881. Therefore, any law which seeks to deprive him of his rights and privileges under the statute in force at the date of the contract, (*Rev., p.* 594,) conflicts with the constitutional provision, and is void.

III. Does the act allow a reasonable time for the commencement of suits on existing causes of action? If it does not, it cannot be supported.

For the defendant, *Alexander Grant.*

I. The six months' limitation in the amendatory act (*Pamph. L.* 1881, *p.* 184,) does not impair the obligation of the con-

tract, nor deprive the plaintiff of any remedy existing when the contract was made. *It exempts neither person nor property from liability for debt.* " The obligation of a contract " is the means provided by law for its enforcement; " any remedy " means the *substance* of the creditor's right to resort to the property of the debtor. *Rader* v. *Town of Union,* 15 *Vroom* 260; *Munday* v. *Rahway,* 14 *Vroom* 345.

The clause in the constitution of New Jersey, forbidding the deprivation of any remedy existing when the contract was made, appears to add but little if any additional force to the settled construction of the clause relating to the impairment of the obligation. *Rahway* v. *Munday,* 15 *Vroom* 415; *Louisiana* v. *New Orleans,* 102 *U. S.* 207.

The right to a remedy, or the remedy itself, must not be confounded with the period prescribed by the statute of limitations for pursuing the remedy, or with the manner prescribed. *Moore* v. *State,* 14 *Vroom* 205; *Munday* v. *Rahway,* *supra.*

The period of time prescribed is no part of the obligation, or of the remedy proper. *Cooley Const. Lim. (5th ed.)* \*287, \*289

The right to the period of time is a statutory right—not a constitutional right. It may be abridged or altered at legislative discretion. Neither is the period a vested right, for a vested right cannot be claimed in a mere expectation based upon an anticipated continuance of the present law. *Wanser* v. *Atkinson,* 14 *Vroom* 475.

The six months' limitation in the amendatory act of 1881 is a mere alteration of the period of time for pursuing the remedy, affecting neither the obligation nor the remedy. It is a statute of limitations. The power of the legislature to alter, amend or abridge the period of time within which the remedy may be pursued, provided a reasonable time be left to enforce the existing contract, is settled. *Marston* v. *Seabury,* 2 *Penn.* \*435; *Smith* v. *Tucker,* 2 *Harr.* 85; *Krone* v. *Krone,* 37 *Mich.* 308; *Koshkonog* v. *Burton,* 104 *U. S.* 675; *Moore* v. *State,* 14 *Vroom* 205.

What shall be considered a reasonable time is a matter of legislative discretion. Any period that imposes no hardship, that denies no right, that requires reasonable promptness, is a reasonable time. *Sayres* v. *Commonwealth*, 88 *Penna. St.* 309 ; *Smith* v. *Packard*, 12 *Wis.* \*371. That gives full opportunity to try the creditor's right. *Cooley Const. Lim.* (*5th ed.*) \*366.

The period of six months in the amendatory act of 1881 answers all these conditions, and is a reasonable time, *a fortiori*, it begins to run only by the creditor's own act.

II. If the legislature had the power to enact this limitation, its exercise of the power is not rendered void by the fact that it is embraced in the same section with a provision void for want of power. The constitutionality of a statute is always a question of power. *Cooley Const. Lim.* (*5th ed.*) \*186.

Valid and void enactments may be contained in the same section. *Id.* \*177, \*178.

An unconstitutional provision in an act does not affect the validity of another provision in the same act, unless the two provisions are so intimately united that the presumption arises that the legislature would not have adopted one without the other. *Id.* 178, 179 ; also *State* v. *Kelsey*, 15 *Vroom* 29 ; *Ex parte Frazer*, 54 *Cal.* 94 ; *People* v. *Nally*, 49 *Cal.* 482 ; *Robinson* v. *Bidwell*, 22 *Cal.* 390 ; *Fisher* v. *McGirr*, 1 *Gray* 1 ; *Warren* v. *Charlestown*, 2 *Gray* 84. There is no such presumption here.

The two clauses of the second section of the amendatory act of 1881 are distinct amendments to a pre-existing valid act. Of the policy of an act the legislature is the sole judge. If the amendment is valid the court cannot question its wisdom. *State, Doyle, pros.,* v. *Newark*, 5 *Vroom* 243.

The plaintiff is debarred from questioning the constitutionality of this statute until he has first shown that the very part in issue has impaired the obligation of his contract. *Cooley Const. Lim.* (*5th ed.*) \*163.

The opinion of the court was delivered by

SCUDDER, J.   The demurrer filed by the plaintiff disputes the legality of the defence set forth in the second plea, in its limitation of time for recovery on the bond.   This limitation is based on section 2 of the act of the legislature passed March 23d, 1881, (*Pamph. L., p.* 184,) entitled "An act to amend an act entitled 'An act concerning proceedings on bonds and mortgages given for the same indebtedness and the foreclosure and sale of mortgaged premises thereunder,'" approved March 12th, 1880.   *Pamph. L., p.* 255.   This second section enacts " that in all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be, first, to foreclose the mortgage, and if at the sale of the mortgaged premises under said foreclosure proceedings the said premises should not sell for a sum sufficient to satisfy said debt, interest and costs, then and in that case it shall be lawful to proceed on the bond for the deficiency, and that *all suits on said bond shall be commenced within six months from the date of the sale of said mortgaged premises,* and judgment shall be rendered and execution issue only for the balance of debts and costs of suit."   The change made in the former law by this amended section was mainly the introduction of the limitation of six months for action on the bond for deficiency.   The purpose is obvious, when we read the third section of the act, which gives the recovery on the bond for the balance of the debt, the effect of opening the foreclosure and sale of the mortgaged premises, and right of redemption, to the owner of the property at the time of the foreclosure and sale.   As the law stood under the act of 1880 the holder of the bond could wait after the sale of the mortgaged premises until the sixteen years' limitation of action was about to expire, and on recovery for balance due on the bond, the foreclosure sale would be opened for redemption, leaving the title for a long time unsettled.   To obviate this delay, and shorten the time for redemption, the limitation of six months was introduced by amending the act of 1880, as has been stated.   What effect this amendment has upon suits on bonds executed prior to the act of

1881 is the question in controversy on this demurrer. In *Baldwin* v. *Flagg*, 14 *Vroom* 495, the second section of the act of 1881 was construed, and the court say that the act of 1881, as applied to antecedent obligations, is in violation of the constitutional prohibition of the legislature to pass any law impairing the obligation of contracts, or depriving a party of any remedy for enforcing a contract which existed when the contract was made, for the reasons that the act not only postpones the obligee's remedy on his bond until the foreclosure proceedings are terminated, but also impairs the value of the mortgage security by subjecting the purchaser's title to conditions of redemption after sale which must diminish the vendible value of the mortgaged premises. *Coddington* v. *Bispham*, 9 *Stew. Eq.* 574, in the Court of Errors and Appeals, approves this construction, and settles its authority.

In these cases, it is now said, the court has passed on the effect of the law as it attempted to control the obligee and mortgagee's right to prefer either his bond or mortgage by suit in enforcing his remedy for the debt thereby secured, but it does not directly say, because it was not called for by the facts of these cases, that when this preference is made by first foreclosing the mortgage the holder of the bond is not subject to the limitation to bring his action on it within six months from the date of the sale of the mortgaged premises. It is claimed by this plea, and the argument for its legality, that the limitation to the suit on the bond after foreclosure is separable from the faulty parts of the statute. This supposed distinction is based on the rule that where one part of a statute is unconstitutional because it is not within the scope of legislative power to pass it, another part of the same act may not be obnoxious to the same objection but may be enforced as if made in a different statute. But the principle thus invoked is subject to the limitation that the enactments thus separated as constitutional and unconstitutional must be wholly independent of each other. If they are so connected and dependent as to warrant the belief that the legislature intended them as a whole, they must stand or fall together. *Warren*

v. *Charlestown*, 2 *Gray* 84–89; *State* v. *Commissioners of New Brunswick*, 9 *Vroom* 320; *State* v. *Kelsey*, 15 *Vroom* 1, 29.

The entire scheme and purpose of the act of 1881 is to control the remedies given by law to the obligee and mortgagee, before the enactment of this new law, for the benefit of the obligor and mortgagor in every feature of the statute. This clearly appears in the third section, where the recovery on the bond, after the foreclosure of the mortgage, is made to operate as an opening of the foreclosure sale, and the time given for the redemption of the mortgaged land, to the person against whom the judgment has been recovered. It is intended to make the secondary security which binds only the mortgaged land the primary remedy, instead of the bond which reaches all the personal and real property of the obligor. It says in effect to the mortgagee, Make your money out of your mortgage; if you do not, we will put hindrances on the collection of your bond, first, by requiring you to bring your suit thereon in six months after the foreclosure sale, under penalty of losing this security; and if you bring suit on the bond the mortgagor may redeem his land to keep his other property from seizure and sale by payment of the debt he owes at the end of all legal proceedings. The time given for suit on the bond and redemption of the land are mere qualifications and incidents to the main purpose of the act, and so connected as to be inseparable. The six months' limitation to the action on the bond has no significance unless coupled with the previous sale of the mortgaged lands, and the subsequent right of redemption.

The plea which sets up the six months' limitation under this statute to defeat the recovery of the deficiency on the sale of the mortgaged premises, by action on the bond given prior to the act, is bad, and the demurrer will be sustained.